**SO ORDERED.**

**SIGNED this 12 day of December, 2019.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:  CASE NO. 19-02838-5-DMW

JAMES EDWARD PARKER

CHAPTER 7

DEBTOR

### ORDER OVERRULING
### TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED EXEMPTIONS

This matter comes on to be heard upon the Trustee's Objection to Debtor's Amended Exemptions ("Objection") filed by James B. Angell, Esq. ("Trustee"), Chapter 7 trustee, on September 19, 2019 and the Response to Trustee's Objection to Amended Exemptions filed by James Edward Parker ("Debtor") on October 18, 2019.  The court conducted a hearing in Raleigh, North Carolina on November 7, 2019.  Nicholas C. Brown, Esq. appeared for the Trustee, and Joshua Hillin, Esq. appeared for the Debtor.  Based upon the arguments of counsel, the testimony of the Debtor and the case record, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.  The court has the authority to hear this

matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on June 20, 2019 ("Petition Date"). The court appointed the Trustee to fulfill the duties as provided in 11 U.S.C. § 704.

3. The Debtor's amended Schedule C, filed on August 20, 2019, claims an exemption in 215 Zeb Lane, Benson, North Carolina ("Property") in the amount of $55,000.00 pursuant to N.C. Gen. Stat. § 1C-1601(a)(1) and 11 U.S.C. § 522(b). The value of the exemption is based upon the Debtor's age, 72, and the prior ownership of the Property by the Debtor and his deceased spouse as tenants by the entireties.

4. The Debtor lives in a 2002 Redman mobile home ("Mobile Home") located on the Property, and the only other structure on the Property is a storage building. The Debtor testified there is also an old van on the Property. The Debtor values the Property at $30,000.00. Other than the current *ad valorem* taxes owed to Johnston County, the Property is unencumbered. The Debtor values the Mobile Home at $18,202.00 secured by a lien in favor of Ditech in the amount of $34,572.50.

5. The Trustee does not dispute that the Debtor was residing in the Mobile Home on the Property on the Petition Date. In the Statement of Intention filed with the court on the Petition Date, the Debtor indicated he would be surrendering the Mobile Home. At the meeting of creditors held pursuant to 11 U.S.C. § 341, the Debtor confirmed his intent to surrender the Mobile Home and to cease living on the Property. The Debtor amended the Statement of Intention on August 20, 2019 to declare his intent to "[r]etain [the Mobile Home] as long as affordable." From the Petition Date through the date of the hearing on the Objection to the exemption, the Debtor lived

in the Mobile Home on the Property. Ditech filed a Motion for Relief from the Automatic Stay to repossess and liquidate the Mobile Home, and the court has entered an Order granting that relief.

6. The Debtor testified at the hearing that he had lived on the Property for 23 years. He intends to move in with his son and daughter-in-law for "a year to two years" until he can save enough money to return to the Property. The Debtor's spouse recently died, and he cannot afford the payments on the Mobile Home without her income contribution.

7. Section 522 of the Bankruptcy Code allows a debtor to elect exemptions under either federal law (as set forth in section 522(d)) or applicable state law, unless the applicable state law "does not so authorize." *In re Rogers*, No. 16-02884-5-JNC, 2016 Bankr. LEXIS 3614, at *6 (Bankr. E.D.N.C. Oct. 3, 2016) (quoting 11 U.S.C. § 522(b)). North Carolina is an "opt-out" state, and all exemptions must be claimed in accordance with North Carolina law, N.C. Gen Stat. § 1C-1601(f) (2013), so the court looks to North Carolina law when determining the Debtor's available exemptions.

8. Under North Carolina law, an individual North Carolina resident–

> who is a debtor is entitled to retain free of the enforcement of the claims of creditors . . . [t]he debtor's aggregate interest, not to exceed thirty-five thousand dollars ($35,000) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . . ; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in [real property or personal property that the debtor or a dependent of the debtor uses as a residence] not to exceed sixty thousand dollars ($60,000) in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased.

N.C. Gen. Stat. § 1C-1601(a)(1) (2013). In North Carolina, exemption laws are to be liberally construed in favor of the debtor and allowance of the exemption. *Elmwood v. Elmwood*, 244 S.E.2d 668, 678 (N.C. 1978).

9. The Trustee argues that even though the Debtor was using the Property as a residence on the Petition Date, the Debtor must intend to maintain the Property as his residence post-petition in order to qualify for the homestead exemption under N.C. Gen. Stat. § 1C-1601(a)(1).

10. The Debtor asserts the right to exempt property from the estate is determined as of the petition date without regard to a debtor's intent for future use. The Debtor relies on the plain meaning interpretation of N.C. Gen. Stat. § 1C-1601(a)(1), asserting the statute is silent on a debtor's intent to remain at a property. Under the plain meaning rule, "unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language." *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001) (citing *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). The statute uses present tense when describing the use of a property; therefore, the exemption is determined at a single point in time, which, for bankruptcy purposes, is the petition date. "Since the statute is written in present tense ("uses"), it is clear that only property being used at the petition date as a residence is subject to the exemption." *In re Preston*, 428 B.R. 340, 343 (Bankr. W.D.N.C. 2009) (citing *In re Cain*, 235 B.R. 812, 816 (Bankr. M.D.N.C. 1998)).

11. The Trustee relies on *First Union Nat'l Bank v. Rolfe*, 90 N.C. App. 85 (1988), for his argument that the court should examine the Debtor's intent under the circumstances of this case. In that case, the North Carolina Court of Appeals reviewed the trial court's record determining whether the defendant was a North Carolina resident entitled to claim exemptions in her personal property. In affirming the trial court's ruling that the defendant was not a resident, the court found that "[t]he only evidence supporting defendant's contention of residency was her statement that she "hoped" to return to this state as soon as her sister's estate was settled." *Id.* at

4

88. The *Rolfe* court cited a North Carolina Supreme Court decision, which held that "[i]t is well understood that *a domicile is in its strict legal sense one's true, fixed and permanent home, to which, whenever he is absent, he has the intention of returning . . . [a]nd the word 'residence,' while often a word of not so restricted a meaning, in some instances in no respect differs from domicile.*" *Jones v. Alsbrook*, 20 S.E. 170, 171 (N.C. 1894) (emphasis as added by the Trustee in the Objection). The *Rolfe* case, to the extent it holds that intent is relevant to North Carolina exemption law, is distinguishable from the present case, because the defendant in that case was not residing in North Carolina when she attempted to claim residency. In this case, the Debtor was living in the Mobile Home on the Property on the Petition Date and was still using the Property as a residence on the hearing date.

12. The Trustee argues the Debtor intends to abandon voluntarily the Property by surrendering the Mobile Home to Ditech. Even if the Debtor's intentions regarding his future use of the Property were relevant to his entitlement to the claimed exemption, courts will not consider a homestead abandoned when a resident is compelled to leave by forces beyond one's control and when one has an intent to return to the property. *See In re Foster,* 348 B.R. 58 (Bankr. E.D.N.C. 2006) (holding the exemption would be allowed because the debtor did not voluntarily abandon her residence but was forced to leave the property due to extensive hurricane damage, and she intended to use the house as a residence once repairs were made); *In re Brock*, No. 04-02637-5-ATS, 2004 Bankr. LEXIS 2731 (Bankr. E.D.N.C. Oct. 8, 2004) (holding the exemption would be allowed, because although the debtor had no solid expectation of returning to her home because of her declining health, her departure did not correspond to an "intent" not to return home). In this case, the Debtor is leaving the Property because he is financially incapable of maintaining

payments on the Mobile Home, and the Debtor testified at the hearing that he intends to return to the Property in the future; therefore, the Property is not being abandoned voluntarily.

13.  Exemption rights are determined on the petition date. *White v. Stump*, 266 U.S. 310, 313 (1924).  A party in interest may object to the exemptions within the later of 30 days after the conclusion of the meeting of creditors held under 11 U.S.C. § 341 or 30 days after written amendment of the exemptions. Fed. R. Bankr. P. 4003(b). Unless an objection to the exemption is timely filed, the exemption stands as claimed. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992).  The Trustee timely objected to the claimed exemptions and acknowledges the use of a property as of the petition date dictates the available exemption; however, the Trustee asserts, "North Carolina law clearly provides for a residential exemption which is conditioned upon continued use as a residence and continued ownership. If the exempt residence ceases to be used as a residence . . . the property is no longer exempt." *In re Love*, 42 B.R. 317, 319 (Bankr. E.D.N.C. 1984), *aff'd*, 54 B.R. 947 (E.D.N.C. 1985), *aff'd sub nom. Love v. Pahl (In re Love)*, No. 86-3008, 1987 U.S. App. LEXIS 19703 (4th Cir. Sept. 17, 1987).  The court must determine whether the Debtor is required to continue using the Property as a residence even after the Petition Date when the exemption rights are determined.

14.  *Love* involved a motion to avoid a judicial lien to the extent that it impaired an exemption under 11 U.S.C. § 522(f).  This decision, rendered by the Honorable A. Thomas Small, affirmed by the United State District Judge Terrance W. Boyle, and affirmed by the Fourth Circuit Court of Appeals in an unpublished decision, relied upon an interplay of N.C. Gen. Stat. § 1C-1601(a)(1) and N.C. Gen. Stat. § 1C-1604. Section 1C-1601(a)(1) establishes the type of exemption (homestead/residence) and the amount of the exemption ($7,500.00 at the time of *Love*

and $35,000.00 today). Section 1C-1604 appeared to add a temporal qualification to the exemption by providing the following:

> Property allocated to the debtor as exempt is free of the enforcement of the claims of creditors for indebtedness incurred before or after the exempt property is set aside . . . or so long as the debtor owns it. When the property is conveyed to another, the exemption ceases as to liens attaching prior to the conveyance. . . . When exempt property is conveyed, the debtor may have other exemptions allotted.

N.C. Gen. Stat. § 1C-1604(a) (1981). Judge Small cited several cases holding that the homestead exemption in North Carolina is conditioned upon continued ownership. *See Stokes v. Smith*, 100 S.E.2d 85 (N.C. 1957); *Farris v. Hendricks*, 146 S.E. 77 (N.C. 1929); *Sash Co. v. Parker*, 69 S.E. 1 (N.C. 1910); *Vanstory v. Thornton*, 17 S.E. 566 (N.C. 1893); *cf. Seeman Printery Inc. v. Schinhan*, 239 S.E.2d 744 (N.C. Ct. App. 1977).

15. In *Love* the Bankruptcy Court noted that the North Carolina General Assembly enacted section 1C-1601 as part of the legislation that included the "opt out" of the exemptions provided by 11 U.S.C. § 522(d). 42 B.R. at 318. On appeal the District Court recognized the following:

> … a state may not create an exemption which conflicts with federal bankruptcy law. [citation omitted]. However, the exemption prescribed by North Carolina is identical in wording to that found in the federal bankruptcy statute. . . . Furthermore, states are given considerable freedom in limiting exemptions for their residents. Congress has explicitly directed that a state can choose to declare § 522(d)'s exemptions inapplicable to its citizens. *See* 11 U.S.C.A. § 522(b)(1) (West Supp. 1985). To preempt North Carolina's homestead exemption given § 522's "opt-out" provision would require this court to ignore the explicit statutory language of that provision. [citation omitted]

*In re Love*, 54 B.R. 947, 949 (E.D.N.C. 1985).

16. Judge Boyle, also recognizing the cases cited by Judge Small, noted that for a homestead exemption to be valid, the debtor must retain both ownership and use of the residence. "North Carolina's courts have failed to draw a distinction between bankruptcy debtors and civil

7

judgment debtors when interpreting the statutory provision creating the homestead exemption." *Id.*

17. At the time the District Court affirmed *Love,* the courts in North Carolina did not draw a legal distinction between claiming exemptions in a bankruptcy proceeding and claiming exemptions in a judgment execution under N.C. Gen. Stat. § 1-302, *et seq.*, but a practical difference does exist. A judgment execution can occur multiple times over the ten-year life of a civil judgment. Each time the execution occurs, the debtor is allowed to claim exemptions. The availability of the exemption, in this case the homestead exemption, depends upon the ownership and use of the residence at the time of the claiming of the exemption in the ancillary execution action. Assume a judgment creditor decides to execute on the judgment after two years, and the debtor owns a residence and uses it as his home. If that debtor timely claims the homestead exemption, then the debtor may claim any equity in the residence up to the amount allowed under section 1C-1601(a)(1). Now, assume in the fourth year of the judgment, the debtor moves to an apartment and enters into a three-year lease of the residence with his son and daughter-in-law to use as their home. In the fifth year of the judgment, the judgment creditor initiates another execution. The debtor cannot claim the exemption, because while he may still own the property, it is no longer his residence.[1]

18. For a debtor in bankruptcy, the analysis is far simpler. As mentioned above, the exemptions claimed by the debtor become established within definitive time frames. Creditors do not have multiple chances to challenge the exemptions like under the judgment execution process under N.C. Gen. Stat. § 1-302, *et seq.* The debtor claims the exemptions as of the petition date,

---

[1] The debtor may be able to claim a "wildcard" exemption under N.C. Gen. Stat. § 1C-1601(a)(2).

and the qualification of eligibility arises on that date. Unless otherwise amended or disallowed, those claimed exemptions stand for the duration of the case.[2]

19. While *Love* was binding case law for several years, the Fourth Circuit Court of Appeals in *In re Opperman*, 943 F.2d 441 (4th Cir. 1991), changed the influence of N.C. Gen. Stat. § 1C-1604 and its requirement of continued use of the residence to qualify for the homestead exemption. Senior District Judge Hiram Ward, sitting by designation and writing for the court, held that

> the provision of N.C. Gen. Stat. § 1C-1604(a) limiting the homestead exemption to the duration of the debtor's actual residence in that place must not be applied in preference to the avoidance power of section 522(f). Such a lien may be avoided if it impairs the debtor's exemption, either an actual exemption under the state statute or the hypothetical federal exemption where the state has opted out of the federal scheme.

943 F.2d at 443 [citations omitted]. In other words, if the debtor qualifies under section 1C-1601(a)(1) for the homestead exemption, section 1C-1604(a) cannot limit the exemption in any way if it would run afoul of 11 U.S.C. § 522(f).

20. The court in *Opperman* cited *Owen v. Owen*, 500 U.S. 305 (1991), and found that the state opt-out exemptions should not be treated differently than the federal exemptions under section 522, as that section does not make any distinction between the two.

21. While *Love* and *Opperman* involve section 522(f) and avoiding liens that impair exemptions, no distinction is made for a debtor claiming an exemption in property of the estate.

22. North Carolina General Statute § 1C-1601(a)(1) entitles an unmarried debtor, who is 65 years of age or older, to retain an aggregate interest not to exceed $60,000.00 in property the debtor uses as a residence, so long as the property was owned previously by the debtor as a tenant

---

[2] The debtor may also avoid the judgment lien in this hypothetical under 11 U.S.C. § 522(d) to the extent that the judgment lien impairs the exemption.

9

by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased. The widowed Debtor is 72 years old, and the Property was previously owned by the Debtor and the Debtor's deceased spouse as tenants by the entireties; therefore, the Debtor may exempt an aggregate interest in the Property to the requested amount of $55,000.00. The Debtor has properly claimed the homestead exemption under N.C. Gen. Stat. § 1C-1601(a)(1) and 11 U.S.C. § 522(b); now therefore,

It is ORDERED, ADJUDGED and DECREED as follows:

1. The Trustee's Objection to Debtor's Amended Exemptions is overruled; and

2. The Debtor's claimed exemption in the amount of $55,000.00, pursuant to N.C. Gen. Stat. § 1C-1601(a)(1) and 11 U.S.C. § 522(b), is allowed.

END OF DOCUMENT